# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3806

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Arkansas. |
| Michael D. Collins, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: May 7, 2012
Filed: May 9, 2012

_____

Before MURPHY, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Michael Collins pleaded guilty to knowingly and intentionally possessing with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). The district court[1] sentenced him to 188 months in prison, the low end of the calculated Guidelines range. On appeal, his counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that Collins's career-offender status resulted in a Guidelines range that overstated the seriousness of his criminal history, and thus his sentence is unreasonable.

_____

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

Upon careful review, we conclude that the district court did not abuse its discretion in sentencing Collins.  See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (sentencing decision is reviewed under deferential abuse of discretion standard, first ensuring that district court committed no significant procedural error, and then considering substantive reasonableness of sentence; describing factors demonstrating procedural error).  First, the court committed no significant procedural error in sentencing Collins, and in particular, the court correctly designated him as a career offender.  See U.S.S.G. § 4B1.1(a) (defendant is career offender if, inter alia, he has at least two prior felony convictions for controlled-substance offenses).  Further, the sentence is substantively reasonable.  See Feemster, 572 F.3d at 461 (if sentence is within Guidelines range, appellate court may apply presumption of reasonableness).

Having independently reviewed the record under Penson v. Ohio, 488 U. S. 75 (1988), we find no nonfrivolous issue.  Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment of the district court.

_____